**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUBEN CORONA; ANA CORONA, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> LOUISE B. MARENCIK, et al., ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | Case No.: 2:19-cv-00340-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion for Temporary Restraining Order and Permanent Injunction, (ECF Nos. 3, 4), filed by Ruben Corona and Ana Corona ("Plaintiffs"). Defendants Bayview Loan Servicing, LLC, Robert Hodapp, Zieve, Brodnax, and Steele, LLP, and Shadd A. Wade (collectively, "Defendants") filed a Response, (ECF No. 9), and Plaintiffs did not file a Reply. Also pending before the Court are Plaintiffs' Motions to Strike Pleadings, (ECF Nos. 16, 17). Defendants filed a Response, (ECF No. 20), and Plaintiffs did not file a Reply. For the reasons stated below, the Court **DENIES** Plaintiffs' Motion for Temporary Restraining Order, and **DENIES** Plaintiffs' Motion to Strike Pleadings.

### I. BACKGROUND

This case concerns a non-judicial foreclosure on Plaintiffs' real property located at 7312 Buttons Ridge Drive, Las Vegas, Nevada 89131 (the "Property"). (Compl. at 1, ECF No. 1). Plaintiffs purchased the Property through a loan of $799,999.00 from Southstar Funding LLC and Star Mortgage. (*Id.* at 5). After taking out the loan, however, Plaintiffs allege that Defendants did not properly register the loan documents. (*Id.* at 5–7, 9). That improper loan registration caused Plaintiffs to make payments on a "fake loan." (*Id.* at 3). Upon Plaintiffs' apparent failure to meet payment obligations on that fake loan, Defendants commenced a

foreclosure lawsuit in a state court. (*Id.* at 6, 13). According to Plaintiffs, the improper registration of loan documents meant that the foreclosure proceedings in the state court occurred without proper authority, without verification of any debt, and without the proper parties to enforce the loan. (*Id.* at 3–4, 12).

Plaintiffs accordingly filed their Complaint with the Court on February 26, 2019, alleging the following causes of action: (1) breach of contract; (2) scheme to defraud in violation of "the Truth in Lending Act, Regulation Z, 12 CFR § 226.23"; (3) detrimental reliance; (4) unlawful deception; (5) civil violation of the Racketeer Influenced and Corrupt Organization Act; (6) wrongful foreclosure; (7) slander of title; (8) violation of the Consumer Protection Act; (9) slander of credit; and (10) infliction of emotional distress. (*Id.* at 5–11). Shortly afterward, Plaintiffs filed the instant Motion for Temporary Restraining Order and Permanent Injunction, (ECF Nos. 3, 4). Plaintiffs filed that Motion prior to serving Defendants with the Complaint and without notifying Defendants or providing justification for an *ex parte* injunction pursuant to Federal Rule of Civil Procedure 65(b). The Court thus required Plaintiffs to notify the opposing parties of the Motion for Temporary Restraining Order, and thereafter set a briefing schedule. (*See* Min. Order, ECF No. 6).

## II. <u>LEGAL STANDARD</u>

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). A temporary restraining

order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 439 (1974). In general, injunctive relief is an extraordinary remedy that is awarded only upon a clear showing that the moving party is entitled to that relief. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. In certain circumstances, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 542 (1987).

## III. DISCUSSION

### A. Motion for Temporary Restraining Order

Plaintiffs move for a temporary restraining order and permanent injunction to halt the Property's foreclosure sale and related eviction proceedings. (Mot. TRO at 11, ECF No. 3, 4). At the outset, the Court notes Plaintiffs' *pro se* status. The Court therefore liberally construes Plaintiffs' filings, but holds them to the same procedural rules for all parties. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

### *i. Likelihood of Imminent, Irreparable Injury*

Plaintiffs argue that the there is a likelihood of imminent, irreparable injury to them based on the loss of their Property due to the foreclosure sale and upcoming eviction. (Mot. TRO at 1–2). As properly noted by Defendants, however, the at-issue foreclosure sale occurred before Plaintiffs filed their Complaint. (*See* Assignment of Deed of Trust, Ex. F to Defs.' Resp., ECF No. 9-6); (Notice of Default and Election to Sell, Ex. G. to Defs.' Resp., ECF No. 9-7); (Notice of Trustee's Sale, Ex. I to Defs.' Resp., ECF No. 9-9) (showing a sale of Plaintiffs' Property set for August 3, 2018); (Trustee's Deed Upon Sale, Ex. J. to Defs.' Resp., ECF No. 9-10) (listing the Property's sale by public action on October 3, 2018); (*see also* Mot. TRO at 1, 8, ECF No. 3); (Compl. at 13, ECF No. 1) (claiming a foreclosure sale process as of February 8, 2019, but the Complaint being filed on February 26, 2019). The Court therefore finds that Plaintiffs' request to enjoin the foreclosure sale is moot and cannot provide a basis for irreparable injury. *See Hakimi v. Bank of New York Mellon*, No. 2:14-cv-2215-JCM-CWH, 2015 WL 376465, at *2 (D. Nev. Jan. 28, 2015) (denying as moot a plaintiff's request to enjoin a foreclosure sale after the property had already been sold).

Additionally, while an upcoming eviction is typically an imminent, irreparable injury that can support a preliminary injunction, *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1159 (9th Cir. 2011), the party requesting the injunction must seek to enjoin the party causing the complained-of harm. *Cf. Creek Project All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Here, neither the motion for temporary restraining order nor the Complaint identify a named defendant as the one performing or seeking the eviction. Instead, Plaintiffs broadly seek to enjoin "the Banks, attorneys, the realtors, and the Property Management Companies." (Mot. TRO at 1, ECF No. 3). Because it is unclear whether the currently named parties to this case are the same as those causing the alleged imminent harm, Plaintiffs' current request for a temporary restraining order fails.

### ii. *Likelihood of Success on the Merits*

In addition to the lack of an imminent, irreparable injury from the named Defendants, Plaintiffs have also failed to demonstrate a likelihood of success on the merits. Critically, Plaintiffs have omitted the Bank of New York Mellon ("BONYM") as a party to this action, which appears to be the entity that owned the loan prior to the Property's foreclosure sale, conducted the foreclosure sale, and purchased the Property afterward. (*See* Assignment of Deed of Trust, Ex. F to Defs.' Resp., ECF No. 9-6); (Notice of Trustee's Sale, Ex. I to Defs.' Resp., ECF No. 9-9). Because Plaintiffs' requested relief seeks to invalidate the foreclosure sale, and thus eliminate BONYM's interest, Plaintiffs are likely unable to succeed on the merits absent inclusion of BONYM as a necessary party.[1] *See* Fed. R. Civ. P. 19(b); *Duenas v. Freitas*, No. C 13-0836 SBA, 2013 WL 707033, at *3 (N.D. Cal. Feb. 26, 2013) (denying a motion for temporary restraining order because, among other reasons, "any effort to challenge the viability or enforceability of the Writ of Possession necessarily affects the rights of Deutsche Bank, the owner of the property, [and therefore] the action is likely subject to dismissal under Federal Rule of Civil Procedure 19(a) for failure to join a required party.") (citing *Paiute–Shoshone Indians of Bishop Cmty. of Bishop Colony, Cal.*, 637 F.3d 993, 997 (9th Cir. 2011)). The Court therefore finds that Plaintiffs have failed to demonstrate a likelihood of success on the merits—or else raise "serious questions" going to the merits—and denies Plaintiffs' request for a temporary injunction.

### B. Motion to Strike Pleadings

Plaintiffs seek to strike several pleadings filed by Defendants because the law firm representing Defendants, Akerman LLP, "does not have a license to be a debt collector [and] does not have a bond nor are they registered with the Attorney General for [Plaintiffs'] state."

---

[1] Defendants' pending Motion to Dismiss, (ECF No. 10), raises several grounds for the dismissal of Plaintiffs' Complaint, including dismissal based on Plaintiffs' failure to name BONYM as a party. (Mot. Dismiss 4:9–22, ECF No. 10). The Court will address Defendants' Motion to Dismiss in a separate Order.

(Mot. Strike at 1, ECF No. 16); (Mot. Strike at 2, ECF No. 17). For the purposes of this action, however, Defendants do not seek to collect debt from Plaintiffs, but rather are strictly defending themselves from Plaintiffs' claims. As the law firm hired to represent Defendants in pursuit of their defense, Akerman LLP does not require certification or registration as a debt collector to participate in this case. Accordingly, the Court will not strike Defendants' present filings.

Further, Plaintiffs appear to seek an Order from the Court to strike filings in the state court action that authorized the Property's foreclosure, though that is not clearly set out in Plaintiffs' motions. (Mot. Strike at 1–2, ECF No. 16) ("I demand this case be dismissed and all the documents to be stricken from the record") (Compl. at 13, ECF No. 1) (referencing a "fraudulent civil action filed in state court"). To the extent that Plaintiffs seek to strike filings in an independent state court action, Plaintiffs must request such action in the relevant court overseeing that matter. Moreover, Plaintiffs cite no authority allowing the Court to strike filings in an independent and unidentified state court case. The Court therefore denies Plaintiffs' Motions to Strike for lack of merit.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order and Permanent Injunction, (ECF Nos. 3, 4), is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motions to Strike Pleadings, (ECF Nos. 16, 17), are **DENIED**.

**DATED** this __25__ day of April, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court