**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RUBEN CORONA; ANA CORONA, | ) |
| Plaintiffs, | ) Case No.: 2:19-cv-00340-GMN-BNW |
| vs. | ) |
| | ) **ORDER** |
| LOUISE B. MARENCIK, *et al.*, | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Dismiss, (ECF No. 10), filed by Defendants Bayview Loan Servicing, LLC, Robert Hodapp, Zieve, Brodnax & Steele, LLP, and Shadd A. Wade, to which Defendants Blank Rome LLP, Louise B Marencik, and Bank of America, N.A. filed Joinders, (ECF Nos. 23, 30), (collectively "Defendants"). Plaintiffs Ruben and Ana Corona ("Plaintiffs") did not file a response. For the reasons stated below, the Court **GRANTS** Defendants' Motion to Dismiss.

**I.    BACKGROUND**

This case concerns a non-judicial foreclosure on Plaintiffs' real property located at 7312 Buttons Ridge Drive, Las Vegas, Nevada 89131 (the "Property"). (Compl. at 1, ECF No. 1). Plaintiffs purchased the Property through a loan of $799,999.00 from Southstar Funding LLC and Star Mortgage. (*Id.* at 5). Plaintiffs allege that, after taking out the loan, Defendants did not properly register the loan documents. (*Id.* at 5–7, 9). That improper loan registration caused Plaintiffs to make payments on a "fake loan." (*Id.* at 3). Upon Plaintiffs' apparent failure to meet payment obligations on that fake loan, Defendants commenced a foreclosure lawsuit in a state court. (*Id.* at 6, 13). According to Plaintiffs, the improper registration of loan documents meant that the foreclosure proceedings in the state court occurred without proper authority,

without verification of a debt, and without the proper parties to enforce the loan. (*Id.* at 3–4, 12).

Plaintiffs accordingly filed their Complaint with the Court on February 26, 2019, alleging the following causes of action: (1) breach of contract; (2) scheme to defraud in violation of "the Truth in Lending Act, Regulation Z, 12 CFR § 226.23"; (3) detrimental reliance; (4) unlawful deception; (5) civil violation of the Racketeer Influenced and Corrupt Organization Act; (6) wrongful foreclosure; (7) slander of title; (8) violation of the Consumer Protection Act, also referred to by Plaintiffs as the Nevada Deceptive Trade Practices Act (NRS 598); (9) slander of credit; and (10) intentional infliction of emotional distress. (*Id.* at 5–11). Shortly afterward, Plaintiffs filed a Motion for Temporary Restraining Order and Permanent Injunction, (ECF Nos. 3, 4); and Defendants filed their Response, (ECF No. 9), and a Motion to Dismiss, (ECF No. 10). On April 25, 2019, the Court denied Plaintiffs' Motion for Temporary Restraining Order and Permanent Injunction. (Order, ECF No. 27).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

*State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss becomes a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. DISCUSSION

Defendants assert the following grounds for dismissal of Plaintiffs' Complaint: (1) failure to join a necessary party; (2) inadequate factual allegations to support the claims; and (3) improper service of process pursuant to Federal Rule of Civil Procedure 4. (Mot. Dismiss 1:24–9); (Joinder 2:3–5, ECF No. 23). The Court addresses each ground in turn below.

### A. Failure to Join a Necessary Party

Defendants argue that the Complaint fails to name the necessary party of Bank of New York Mellon ("BONYM"). BONYM, according to Defendants, is the entity that both owned Plaintiffs' loan prior to the Property's foreclosure and purchased the Property during the foreclosure sale. (*See* Assignment of Deed of Trust, Ex. F to Defs.' Resp., ECF No. 9-6); (Notice of Trustee's Sale, Ex. I to Defs.' Resp., ECF No. 9-9); (Trustee's Deed Upon Sale, Ex. J to Defs.' Resp., ECF No. 9-10).[1]

As the Court stated in its Order on Plaintiffs' Motion for Temporary Restraining Order, Plaintiffs' omission of BONYM as a party to this action is fatal to the current Complaint because, were Plaintiffs to be successful in their claims here, BONYM would lose its interest in

---

[1] The Court presently considers the Deed of Trust, Notice of Sale, and Trustee's Deed Upon Sale without converting Defendants' Motion to Dismiss into one for summary judgment because Plaintiffs' Complaint references these publicly recorded documents and Plaintiffs do not contest the authenticity of Defendants' records. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

the Property. (*See* Compl. at 13–14) (seeking, among other forms of relief, a declaration that the foreclosure sale was void and a discharge of Plaintiffs' debt related to the loan on the Property). Accordingly, to proceed with this lawsuit Plaintiffs must include BONYM as a party. *See* Fed. R. Civ. P. 19(a). Because the Court dismisses Plaintiffs' Complaint with leave to amend as explained below, Plaintiffs will have an opportunity to join BONYM as a party if they choose to amend their claims. Thus, it would be premature for the Court to grant dismissal of Plaintiffs' Complaint solely for failing to name BONYM.

### B. Failure to State a Claim for Relief

#### i. *Breach of Contract*

Plaintiffs' first claim is for breach of contract. To support this claim, Plaintiffs must allege: (1) the formation of a contract between Plaintiffs and Defendants; (2) performance by Plaintiffs; (3) Defendants' failure to perform; and (4) resulting damage. *See Wachovia v. Chaparral Contracting, Inc.*, 2010 WL 2803016, *3 (D. Nev. July 12, 2010).

Plaintiffs attempt to support a breach of contract claim by alleging that Defendants' securitization of Plaintiffs' loan on the Property caused that loan to be barred from becoming a "registered security" and prevented it from being filed in the state-court case authorizing the foreclosure. (Compl. at 5–6). Plaintiffs do not, however, allege how securitizing the loan constituted a violation of the underlying loan contract's terms. Nor do Plaintiffs allege that Defendants violated the terms of the loan contract by failing to file the loan in the state-court lawsuit. The allegations instead go to apparently fraudulent acts that were separate from contractual obligations. Consequently, the present Complaint does not support the breach of a contract between Plaintiffs and any Defendant.[2]

---

[2] Plaintiffs allege that they "signed a lien against . . . property in return for a loan and no loan was ever provided." (Compl. at 5, 8). But this contradicts Plaintiffs' other allegations, which state that they purchased the Property in November 2006 with a mortgage loan, (*id.* at 5). This present contradiction means that Plaintiffs do not plausibly allege how Defendants breached a term of the loan contract because Defendants would have complied with the loan's terms by provided funds to secure the Property's purchase; and Plaintiffs do not allege

Because Plaintiffs' allegations do not support a breach of contract claim, it is dismissed. Nevertheless, at this stage the Court cannot be sure that Plaintiffs are entirely unable to allege additional facts, if true, to support such a claim. Dismissal is therefore without prejudice.[3]

### ii. *Detrimental Reliance*

Related to Plaintiffs' breach of contract cause of action is their fourth claim for detrimental reliance. This fourth claim largely mirrors the elements of promissory estoppel, and thus the Court analyzes the merits of it under that view. "The doctrine of promissory estoppel, which embraces the concept of detrimental reliance, is intended as a substitute for consideration, and not as a substitute for an agreement between the parties*." Vancheri v. GNLV Corp.*, 777 P.2d 366, 369 (Nev. 1989). "Accordingly, the first prerequisite of the agreement is a promise." *Id.* To then establish promissory estoppel, four elements must exist: (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) he must have relied to his detriment on the conduct of the party to be estopped. *Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984). "If a party can show that it reasonably relied to his determinant based on a promise made to him, the court will enforce the promise, despite a lack of consideration." *Archer v. Bank of Am. Corp.*, No. 2:11-cv-1264 JCM-RJJ, 2011 WL 6752562, at *3 (D. Nev.

---

the existence of any other loan besides that mortgage loan. Plaintiffs may, however, be able to remedy this contradiction in support a breach of contract claim if they elect to amend their Complaint.

[3] Defendants argue that Plaintiff Ruben Corona lacks standing to make claims related to the loan on the Property because the loan agreement was not signed by him; it was signed by Ana Corona and Buenaventura Corona. (Mot. Dismiss 5:3–7). Plaintiffs have not addressed this standing issue in their filings, nor do they claim that Buenaventura Corona is Ruben's other name. Thus, because Ruben Corona's name does not appear on the loan agreement, the Court finds that Ruben does not have standing to assert a claim for breach of that agreement's terms. *See Meritage Homes of Nevada, Inc. v. FNBN-Rescon I, LLC*, 86 F. Supp. 3d 1130, 1143 (D. Nev. 2015), *aff'd*, 690 F. App'x 507 (9th Cir. 2017) ("A breach of contract claim may only be raised by the recipient of the promise, and third-party beneficiaries are only entitled to seek remuneration if it can be clearly discerned that the contracting parties intended to benefit the third party when the agreement was formed—incidental beneficiaries lack the right to claim relief."); (*see* Exs. A–D to Mot. Dismiss., ECF Nos 10-1 to 10-4).

Dec. 23, 2011) (citations omitted). However, "any promise must be sufficiently clear and unambiguous in its terms for the court to enforce any promised duty." *Id.*

Here, Plaintiffs' detrimental reliance claim centers on signing a lien against the Property for a loan, but without a loan ever being provided. This claim fails for two reasons. First, Plaintiffs provide only broad references to "defendant" or "defendants" for this claim, without identifying which particular Defendant committed the alleged misconduct. Plaintiffs accordingly do not provide sufficient allegations to place Defendants on notice of the violations alleged against them, thus warranting dismissal of the claim. Second, the party that provided the loan at issue in the Complaint appears to be "Southstar Funding LLC" or "Star Mortgage." (Compl. at 5). However, neither party is named in the Complaint as a party. Plaintiffs consequently do not plausibly allege a claim for detrimental reliance against those currently named as parties in this matter and against whom Plaintiffs seek relief.

### iii. *Unlawful Deception, Scheme to Defraud, Civil RICO*

Plaintiffs next bring claims for a "scheme to defraud" and "unlawful deception in the original foreclosure case." These claims center on a promissory note that was not registered properly and, as a result, fraudulently "used in court as a security" to earn a foreclosure. (*Id.* at 6–9). Additionally, Plaintiffs assert a similar fourth claim for "civil RICO," which concerns violations of the Racketeer Influenced and Corrupt Organizations Act based on allegations that a "creditor had collected an unlawful debt" with an "interest rate . . . that exceeded . . . twice the enforceable rate." (*Id.* at 9).[4]

---

[4] To the extent Plaintiffs allege a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, as part of their "scheme to defraud" cause of action, such claim is untimely. To explain, Plaintiffs allude to a request for rescission of their loan on the Property due to the deceptive nature of the contract. (Compl. at 6). A rescission remedy under TILA is only available for three years, and the statute of limitations period for such remedy begins at the "consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). This statute of limitations period, unlike the statute of limitations applicable to a TILA damages claim, is an absolute limitation not subject to equitable tolling. *Martinez v. Bank of America*, No. 2:10–cv–01387–GMN–LRL, 2011 WL 1740146, at *2 (D. Nev. May 5, 2011). Accordingly, here the three-year

Plaintiffs' "scheme to defraud," "unlawful deception," and "civil RICO" claims sound in fraud and must be pleaded with particularity. Fed. R. Civ. P. 9(b). In other words, "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). Plaintiffs' Complaint does not meet the requisite level of particularity that Rule 9(b) requires. The Complaint's allegations relating to these fraud claims do not identify which particular Defendant committed the fraud; nor do the allegations explain which actions form the basis of the fraudulent "scheme." The Court accordingly dismisses these claims for failure to satisfy the requirements of Rule 9(b), but does so without prejudice.

### iv. *Wrongful Foreclosure*

Plaintiffs assert a wrongful foreclosure claim on the basis that their deed of trust was not properly registered "because it was bundled and sold during the securitizing process." (Compl. at 10). Plaintiffs contend that, without proper registration due to securitization, the party who eventually executed the foreclosure on their Property was not authorized to do so because they were not a named trustee on the original deed of trust. (*Id.* at 2, 10).

There are two reasons why Plaintiffs' wrongful foreclosure claim fails under the current allegations. First, "securitization does not void the deed of trust, split the note irreparably or extinguish [a plaintiff's] mortgage obligations." *Banks v. Freddie Mac*, No. 2:11-cv-00648-GMN, 2013 WL 1182685, at *3 (D. Nev. Mar. 20, 2013). Thus, Plaintiffs' apparent contention that securitization automatically prevented the deed of trust from being held by the same entity holding the promissory note (and thereby prevented a valid foreclosure) is incorrect. (*See* Compl. at 10) (contending that "[i]n this case there is no legal trustee because . . . the promissory note and deed of trust . . . was bundled and sold during the securitization process).

---

limitations period would have begun at the time of the loan's consummation in November 2006. (*See* Compl. at 5). Because Plaintiffs brought this lawsuit roughly thirteen years later, it is time barred.

To the extent that Plaintiffs assert a wrongful foreclosure claim based on securitization alone irreparably invalidating their mortgage loan, such claim is dismissed with prejudice.

Additionally, besides securitization not serving as a proper basis for their wrongful foreclosure claim, Plaintiffs fail to allege a necessary fact to support this cause of action: that they were not in default on their loan prior to the foreclosure. *See Collins v. Union Federal Sav. & Loan* Ass'n, 662 P.2d 610, 623 (Nev. 1983). Plaintiffs may, however, be able to allege this necessary fact if true to show that they were not in default when an unauthorized party executed the foreclosure sale on their Property. *Id.* The Court accordingly will permit Plaintiffs a limited opportunity to amend this claim in their Complaint.

### v. *Slander of Title and Credit*

To state a slander of title claim under Nevada law, a plaintiff must allege "false and malicious communications, disparaging to [his] title in land, and causing special damage." *See Exec. Mgmt ., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998). Plaintiffs attempt to allege slander of title and credit claims by stating that Defendants caused various documents to be recorded on their Property, including a Notice of Trustee Sale, which has impaired "the plaintiff's" title and credit rating. (Compl. at 11).

Critically lacking from Plaintiffs' slander claims are allegations explaining which statements in the at-issue documents, such as the Notice of Trustee Sale, were untrue. Plaintiffs appear to proceed under a theory that the wrong party enforced these recorded documents, rather than the information in these documents being false. (*See* Compl. at 10) (discussing how "the foreclosing party did not have standing to execute the power of sale clause in the deed of trust . . . . [and] [t]hese documents will show the defendant who invoked the power of sale was not the true beneficiary"). Plaintiffs accordingly do not provide enough factual allegations to plausibly support their slander of title and credit causes of action.

While Plaintiffs' theories in support of their slander claims appear to lack merit such that amendment would be futile, the uncertainty and unclear allegations surrounding these claims prevent the Court from dismissing them with prejudice. Dismissal is thus without prejudice; but if Plaintiffs seek to amend these claims, Plaintiffs must include additional, specific factual allegations to permit the Court's full review of their merits.[5]

### vi. *Violation of Nevada's Deceptive Trade Practices Act*

Plaintiffs allege in their seventh claim that Defendants "engaged in a pattern of unfair trade practices in violation of the Nevada Revised Statutes Nevada Deceptive Trade Practices Act (NRS 598)." (Compl. at 11). The Complaint's allegations do not detail what "pattern" of conduct occurred outside the isolated act of foreclosing on Plaintiffs' Property. This claim also does not distinguish between Defendants to show what each did to support this cause of action. The factual deficiencies consequently warrant dismissal of this claim without prejudice because Defendants do not have fair notice of their alleged wrongful conduct serving as the basis for this claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### vii. *Intentional Infliction of Emotional Distress*

Plaintiffs' last claim is for intentional infliction of emotional distress, and it requires Plaintiffs to demonstrate: (1) extreme and outrageous conduct by a defendant with either the intention of, or reckless disregard for, causing emotional distress; (2) severe or extreme emotional distress; and (3) actual or proximate causation. *See Dillard Dept. Stores v. Beckwith*, 989 P.2d 882, 886 (Nev. 1999).

Here, Plaintiffs fail to allege any "extreme and outrageous conduct" committed by a Defendant. The central conduct at issue is Defendants' foreclosure on the Property and enforcement of loan obligations. Courts in this District routinely find that, without additional

---

[5] To the extent that Plaintiffs rely on a theory of securitization to void their loan obligations or show an improper registration of the debt instruments, the Court again notes that such argument is without merit and does not support a claim for slander of title or credit here. *See Banks*, 2013 WL 1182685, at *5.

allegations showing extreme and outrageous conduct, lenders exercising their rights under a contract does not plausibly support a claim for intentional infliction of emotional distress. *Smith v. Accredited Home Lenders*, No. 2:15-cv-01130-KJD-VCF, 2016 WL 1045507, at *3 (D. Nev. Mar. 15, 2016). Plaintiffs' claim for intentional infliction of emotional distress thus fails and is dismissed. Plaintiffs may, however, be able to allege additional facts if true to support this cause of action. Accordingly, dismissal is without prejudice.

### C. Improper Service of Process

In addition to pleading deficiencies, Defendants Blank Rome, LLP and Louise B. Marencik contend that Plaintiffs did not properly serve them with the Complaint. These Defendants state that Plaintiffs merely mailed the Complaint to their corporate offices or registered agent. (Joinder 2:3–5, ECF No. 23).

Upon review of the docket, Blank Rome, LLP and Louise B. Marencik are correct; Plaintiffs have not filed a proof of service, nor otherwise shown that service of process was proper in accordance with Federal Rule of Civil Procedure 4. Failure to properly serve the Complaint to Blank Rome, LLP, Louise B. Marencik, and other Defendants is an alternative ground for the Court's dismissal of Plaintiffs' Complaint.[6]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 10), is **GRANTED.** The following claims are dismissed without prejudice: breach of contract, detrimental reliance, "unlawful deception," "civil RICO" concerning violations of the Racketeer Influenced and Corrupt Organizations Act, wrongful foreclosure (in part), slander of

---

[6] Because the Court dismisses Plaintiffs' Complaint, the following Motions filed by Plaintiffs are dismissed as moot: Motion to Remove Civil Case to Federal Court, (ECF No. 50); Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, (ECF No. 51); Motion for Preliminary Injunction, (ECF No. 52); and Motion to Stay, (ECF No. 53). The Court similarly dismisses as moot the Motion to Compel Deposition Testimony, (ECF No. 43), filed by Defendants Bank of America, N.A., Bayview Loan Servicing, LLC, Robert Hodapp, Phoenix Asset Management, Shadd A. Wade, Zieve, and Brodnax & Steele, LLP.

title, slander of credit, violation of Nevada's Deceptive Trade Practices Act, and intentional infliction of emotional distress. The following claims are dismissed with prejudice: wrongful foreclosure (in part) and violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*

**IT IS FURTHER ORDERED** that the following Motions filed by Plaintiffs are **DISMISSED as moot**: Motion to Remove Civil Case to Federal Court, (ECF No. 50); Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11, (ECF No. 51); Motion for Preliminary Injunction, (ECF No. 52); and Motion to Stay, (ECF No. 53).

**IT IS FURTHER ORDERED** that the Motion to Compel Deposition Testimony, (ECF No. 43), filed by Defendants Bank of America, N.A., Bayview Loan Servicing, LLC, Robert Hodapp, Phoenix Asset Management, Shadd A. Wade, Zieve, Brodnax & Steele, LLP is **DISMISSED as moot.**

**IT IS FURTHER ORDERED** that Plaintiffs may, if they elect to do so, amend the claims dismissed without prejudice in this Order. Plaintiffs shall have twenty-one days from the date of this Order to file an amendment. Failure to timely file an amendment will result in dismissal of Plaintiffs' claims with prejudice.

**DATED** this __29__ day of October, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court